UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
JOYCE NARDIELLO and JEANNE WALKER,

                Plaintiffs,

                                      MEMORANDUM & ORDER
    -against-                    14-CV-4070(JS)(AKT)

MAUREEN'S KITCHEN, INC.,

                Defendant.
----------------------------------------X
APPEARANCES
For Plaintiffs:       John W. Ray, Esq.
                       Vesselin Venelinov Mitev, Esq.
                       Ray, Mitev & Associates
                       122 North Country Road
                       P.O. Box 5440
                       Miller Place, NY 11764

For Defendant:       Jennifer Hein, Esq.
                       David & Ferber LLP
                       1345 Motor Parkway
                       Islandia, NY 11749

SEYBERT, District Judge:

        Plaintiffs Joyce Nardiello ("Nardiello") and Jeanne Walker ("Walker," and together with Nardiello, "Plaintiffs") commenced this putative collective and class action on June 30, 2014 against defendant Maureen's Kitchen, Inc. ("Maureen's Kitchen"), asserting several violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and the New York Labor Law ("NYLL"), N.Y. Lab. Law § 190 et seq. Maureen's Kitchen moves to dismiss the Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Docket

Entry 11.)  For the following reasons, Maureen's Kitchen's motion to dismiss is GRANTED IN PART and DENIED IN PART.

BACKGROUND[1]

Maureen's Kitchen is a New York corporation doing business as a breakfast and lunch restaurant in Smithtown, New York.  (Compl. ¶¶ 2-3.)  Plaintiffs, whom Maureen's Kitchen hired as waitresses in 1998,[2] bring this action on behalf of themselves and other similarly situated employees alleging various violations of the FLSA and the NYLL.  Plaintiffs specifically claim that Maureen's Kitchen: (1) failed to pay overtime compensation; (2) did not compensate Plaintiffs for work performed before and after their scheduled shifts; (3) did not pay Plaintiffs an hourly base wage, and instead compensated Plaintiffs entirely with the gratuities they earned during their shifts; (4) failed to keep accurate time records; and (5) failed to provide required meal and rest breaks.

The Complaint alleges that Plaintiffs "were required to work one of four available shifts during their employment, which ran from 6 am to 3:30 pm." (Compl. ¶ 11.)  In addition, when they were scheduled to work, Plaintiffs "were required and mandated by

---

[1] The following facts are taken from the Complaint and are presumed to be true for the purposes of this Memorandum and Order.

[2] The Complaint alleges that Plaintiff Walker was employed "until 2013, at various times" and that Plaintiff Nardiello was still employed as of the commencement of this action. (Compl. ¶¶ 7-8.)

2

[Maureen's Kitchen] to arrive at least 30 minutes before the shift was to start," and "stay behind and work between 20 and 30 minutes after the end of their shift" "to perform necessary side work," including "refilling condiments, wiping down tables, preparing non-perishable food items, and re-setting napkins and/or table cloths." (Compl. ¶¶ 12-13.) Plaintiffs claim that Maureen's Kitchen did not compensate them for this off-shift work, "resulting in the Plaintiffs not being compensated for approximately between 5.00 and 8.00 hours per week." (Compl. ¶ 20.)

The Complaint also alleges that Plaintiffs were "to have been paid an hourly rate of $5.00" before tips. (Compl. ¶ 22.) However, Maureen's Kitchen never actually paid Plaintiffs an hourly base wage. (Compl. ¶ 23.) Rather, Plaintiffs "were . . . only allowed to keep a certain amount of the tips/gratuities from the customers that they serviced during their shifts." (Compl. ¶ 24.) In an effort to give the appearance that it was actually paying Plaintiffs a base wage, Maureen's Kitchen allegedly issued Plaintiffs fake paychecks on a weekly basis, which "stated . . . the hours Plaintiffs supposedly worked, and the base pay that Plaintiffs supposedly received, and the various withholdings that Defendant supposedly deducted from Plaintiffs." (Compl. ¶ 25.) Maureen's Kitchen allegedly "required Plaintiffs to pay for the[ ] supposed deductions." (Compl. ¶ 30.)

On August 29, 2014, Maureen's Kitchen moved to dismiss the Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Docket Entry 11.) Plaintiffs have not opposed the motion.[3]

## DISCUSSION

The Court will first set forth the applicable legal standard before turning to Maureen's Kitchen's motion more specifically.

I. Legal Standard

In deciding a Rule 12(b)(6) motion to dismiss, the Court applies a "plausibility standard," which is guided by "[t]wo working principles." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007); accord Harris v. Mills, 572 F.3d 66, 71-72 (2d Cir. 2009). First, although the Court must accept all allegations as true, this "tenet" is "inapplicable to legal conclusions;" thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal,

---

[3] Nevertheless, Plaintiffs' failure to oppose the motion to dismiss does not, in and of itself, warrant dismissal: "If a complaint is sufficient to state a claim on which relief can be granted, the plaintiff's failure to respond to a Rule 12(b)(6) motion does not warrant dismissal." McCall v. Pataki, 232 F.3d 321, 323 (2d Cir. 2000).

4

556 U.S. at 678; accord Harris, 572 F.3d at 72. Second, only complaints that state a "plausible claim for relief" can survive a Rule 12(b)(6) motion to dismiss. Iqbal, 556 U.S. at 679. Determining whether a complaint does so is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.; accord Harris, 572 F.3d at 72.

II. Unpaid Overtime

Subject to some exceptions, the FLSA and the NYLL require employers to compensate their employees at an overtime rate of one and one-half times their regular hourly rates for all hours worked in excess of forty hours per week. See 29 U.S.C. § 207(a)(1); N.Y. COMP. CODES R. & REGS. tit. 12, § 142-2.2. Maureen's Kitchen argues that Plaintiffs have not adequately pleaded their unpaid overtime claims under a trio of recent Second Circuit decisions applying the Twombly/Iqbal pleading standard to FLSA overtime claims. See DeJesus v. HF Mgmt. Servs., LLC, 726 F.3d 85 (2d Cir. 2013); Nakahata v. N.Y.-Presbyterian Healthcare Sys., Inc., 723 F.3d 192 (2d Cir. 2013); Lundy v. Catholic Health Sys. of Long Island, Inc., 711 F.3d 106 (2d Cir. 2013). The Court disagrees.

This Court very recently examined Lundy, Nakahata, and DeJesus--in which the Second Circuit affirmed district court orders dismissing unpaid overtime claims on pleading grounds. See Mendoza v. Little Luke, Inc., No. 14-CV-3416, 2015 WL 998215, at *3-4 (E.D.N.Y. Mar. 6, 2015). The Court will not recite its

5

lengthy analysis here. In short, "to survive a motion to dismiss [an unpaid overtime claim], [a] [p]laintiff[ ] must allege sufficient factual matter to state a plausible claim that [he or she] worked compensable overtime in a workweek longer than 40 hours." Lundy, 711 F.3d at 114. A complaint alleging unpaid overtime is insufficiently pleaded when it is "devoid of any numbers to consider beyond those plucked from the [FLSA]" and "allege[s] only that in 'some or all weeks' [the plaintiff] worked more than 'forty hours' a week without being paid '1.5' times [his or] her rate of compensation." DeJesus, 726 F.3d at 89. Although a plaintiff is not required to "plead [his or her] hours with mathematical precision," the complaint must "provide some factual context that will 'nudge' [his or her] claim 'from conceivable to plausible.'" Id. at 90 (quoting Twombly, 550 U.S. at 570, 127 S. Ct. at 1974).

Following the Second Circuit's overtime decisions in Lundy, Nakahata, and DeJesus, district courts have dismissed unpaid overtime claims where the plaintiffs made generalized and imprecise allegations regarding their hours. See, e.g., Johnson v. Equinox Holdings, Inc., No. 13-CV-6313, 2014 WL 3058438, at *4 (S.D.N.Y. July 2, 2014) (dismissing unpaid overtime claim where the plaintiff "relie[d] solely upon the Complaint's allegation that between 2006 and 2011 he 'typically worked between twenty one and fifty hours per week, with an additional three to four hours

6

off the clock'"); Perkins v. 199 SEIU United Healthcare Workers E., --- F. Supp. 3d ----, 2014 WL 4651951, at *8 (S.D.N.Y. Sept. 17, 2014) (dismissing unpaid overtime claim where the plaintiff only alleged that "'[a]t all relevant times' since 2008, he 'was assigned and actually worked more than 40 hours per week,' and that the [defendant] failed to pay him overtime compensation" (citations omitted)); Bustillos v. Acad. Bus, LLC, No. 13-CV-0565, 2014 WL 116012, at *3 (S.D.N.Y. Jan. 13, 2014) (dismissing unpaid overtime claim where the plaintiff only alleged "that his schedule 'varied' and he 'would regularly work from 60 to 90 hours per week'" (citations omitted)).

Here, the Complaint suffers from the same deficiencies of the complaints in Lundy, Nakahata, and DeJesus, and the other district court cases dismissing unpaid overtime claims. Plaintiffs allege that they "were required to work on one of four available shifts during their employment, which ran from 6 am to 3:30 pm," and that they "therefore . . . regularly worked more than 40 hours per week." (Compl. ¶¶ 11, 18.) However, the Complaint never actually alleges how many days per week, for any week, each Plaintiff worked. Without this basic information, the Complaint fails to adequately allege that Plaintiffs worked in excess of forty hours per week in any given week. Accordingly, the Court GRANTS Maureen's Kitchen's motion to dismiss insofar as it seeks dismissal of Plaintiffs' unpaid overtime claims.

III. Minimum Wage

The FLSA and the NYLL require employers to pay their employees a minimum wage, which are currently $7.25 per hour under the FLSA and $8.75 per hour under the NYLL. See 29 U.S.C. § 206(a)(1)(C); N.Y. Lab. Law § 652(1). However, both statues permit employers to pay tipped employees an hourly wage less than the statutory minimums if the employees receive sufficient gratuities to make up the difference. 29 U.S.C. § 203(m); N.Y. Lab. Law § 652(4).

Relying again on Lundy, Nakahata, and DeJesus, Maureen's Kitchen contends that Plaintiffs' minimum wage claims should be dismissed because the Complaint does not approximate the hours Plaintiffs worked or identify the time periods during which they allegedly did not receive the applicable minimum wage. (See Def.'s Br., Docket Entry 12, at 7.) However, as noted above, the Second Circuit's decisions in Lundy, Nakahata, and DeJesus dealt with unpaid overtime claims, whereas here, Plaintiffs allege that Maureen's Kitchen never paid them a minimum wage, only allowed them to collect tips as compensation, and also issued fake paychecks to make it appear as though Plaintiffs were receiving the applicable minimum wage. These allegations state plausible minimum wage violations under the FLSA and the NYLL. See Marin v. Apple-Metro, Inc., No. 12-CV-5274, 2014 WL 7271591, at *3 (E.D.N.Y. Dec. 18, 2014) (rejecting the defendant's argument that the

plaintiff failed to adequately allege a minimum wage violation under Lundy because that case "arose in the context of overtime claims" and the plaintiff alleged "that she was underpaid for all of the hours she worked due to [an improper] tip-sharing scheme" (emphasis in original)). Accordingly, the Court DENIES Maureen's Kitchen's motion to dismiss insofar as it seeks dismissal of Plaintiffs' minimum wage claims.[4]

IV. Off-Shift Work

Plaintiffs also allege that they "were required and mandated by [Maureen's Kitchen] to arrive at least 30 minutes before [their] shift was to start," and "stay behind and work between 20 and 30 minutes after the end of their shift" "to perform necessary side work," including "refilling condiments, wiping down tables, preparing non-perishable food items, and re-setting napkins and/or table cloths." (Compl. ¶¶ 11-12.) Plaintiffs claim that Maureen's Kitchen did not compensate them for this off-shift work, "resulting in the Plaintiffs not being compensated for

---

[4] Maureen's Kitchen also asked the Court to decline to extend supplemental jurisdiction over Plaintiffs' New York state law labor claims in the event that Plaintiffs' FLSA claims were dismissed. (Def.'s Br. at 8-9.) However, since the Court has not dismissed all of Plaintiffs' FLSA claims, Maureen's Kitchen's supplemental jurisdiction argument is rendered moot. See Chen v. Major League Baseball, 6 F. Supp. 3d 449, 461 n.12 (S.D.N.Y. 2014) ("This Court had subject-matter jurisdiction over the plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over the NYLL claims pursuant to 28 U.S.C. § 1367(a).").

approximately between 5.00 and 8.00 hours per week." (Compl. ¶ 20.)

Maureen's Kitchen appears to argue that these claims should also be dismissed because they do not meet the Second Circuit's pleading standard for FLSA overtime claims. (See Def.'s Br. at 7.) The Court disagrees. Although these allegations lack the degree of specificity to state an unpaid overtime claim, they do state plausible claims that Plaintiffs were not compensated for "off-shift" work in violation of the FLSA and the NYLL. See Reich v. N.Y. City Transit Auth., 45 F.3d 646, 651 (2d Cir. 1995) ("[A]n activity constitutes work (compensable under the FLSA) if it involves physical or mental exertion (whether burdensome or not) controlled or required by the employer and pursued necessarily and primarily for the benefit of the employer and his business." (internal quotation marks and citation omitted)). Accordingly, the Court DENIES Maureen's Kitchen's motion to dismiss to the extent that it seeks to dismiss Plaintiffs' claims that they were not compensated for "off-shift" work.

V. Denial of Meal Breaks and Failure to Provide Wage Notices

Finally, Maureen's Kitchen argues that "Plaintiffs [have not] pleaded with any degree of plausibility that they were denied meal breaks, wage notices, or other statutory requirements." (Def.'s Br. at 6.) The Court disagrees.

10

<u>First</u>, although federal law does not require meal breaks, New York state law does. See N.Y. LAB. LAW § 162; see also Hinterberger v. Catholic Health Sys., 299 F.R.D. 22, 44 (W.D.N.Y. 2014). Plaintiffs allege that Maureen's Kitchen would not allow them to take meal breaks. Although the allegations are sparse, the Complaint plausibly alleges violations of Section 162 of the NYLL. See Hamilton v. Newburgh-Beacon Bus Corp., No. 14-CV-0624, 2014 WL 7398908, at *5 (S.D.N.Y. Dec. 4, 2014).

<u>Second</u>, Section 195(3) of the NYLL requires employers to provide employees with a statement with every payment of wages listing, <u>inter</u> <u>alia</u>, the dates of work covered by that payment of wages, rate of pay, deductions, allowances claimed as part of the minimum wage, and commission. "If an employee is not provided a statement, as required by NYLL § 195(3), she is entitled to recover, through a civil action, 'damages of one hundred dollars for each work week that the violations occurred or continue to occur, but not to exceed a total of twenty-five hundred dollars, together with costs and reasonable attorney's fees.'" Wei Yan Yan v. 520 Asian Rest. Corp., No. 13-CV-2417, 2014 WL 7177259, at *8 (S.D.N.Y. Dec. 17, 2014) (quoting N.Y. LAB. LAW § 198(1)(1–d)). Here, Plaintiffs allege that Maureen's Kitchen issued fake paychecks that contained false information regarding Plaintiffs' wages. Thus, Plaintiffs have plausibly alleged violations of Section 195 of the NYLL.

Accordingly, the Court DENIES Maureen's Kitchen's motion to dismiss insofar as it seeks dismissal of Plaintiffs' meal break and wage notice claims.

## VI. Leave to Replead

The Second Circuit has stated that "[w]hen a motion to dismiss is granted, the usual practice is to grant leave to amend the complaint." Hayden v. Cnty. of Nassau, 180 F.3d 42, 53 (2d Cir. 1999); see also FED. R. CIV. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."). "However, a district court has the discretion to deny leave to amend where there is no indication from a liberal reading of the complaint that a valid claim might be stated." Perri v. Bloomberg, No. 11-CV-2646, 2012 WL 3307013, at *4 (E.D.N.Y. Aug. 13, 2012) (citing Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010)). Here, although the Court has dismissed Plaintiffs' unpaid overtime claims, it is possible that a valid claim might be stated. Accordingly, the Court GRANTS Plaintiffs one opportunity to cure the deficiencies of their unpaid overtime claims identified in this Memorandum and Order.

## CONCLUSION

For the foregoing reasons, Maureen's Kitchen's motion to dismiss (Docket Entry 11) is GRANTED IN PART and DENIED IN PART. The motion to dismiss is denied with respect to Plaintiffs' claims of unpaid minimum wage, unpaid off-shift work, denial of meal

breaks, and failure to provide wage notices.  The motion is granted with respect to Plaintiffs' unpaid overtime claims, which are DISMISSED WITHOUT PREJUDICE and with leave to replead.  If Plaintiffs wish to replead these claims, they must do so within thirty (30) days of the date of this Memorandum and Order.  If they fail to so do, their unpaid overtime claims will be dismissed with prejudice.

                                              SO ORDERED.

                                        /s/ JOANNA SEYBERT_____
                                        Joanna Seybert, U.S.D.J.

Dated:    March _17_, 2015
           Central Islip, NY